9 F.3d 118
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
LInda Lou BOYD, Defendant-Appellant.
 No. 92-2207.
 United States Court of Appeals, Tenth Circuit.
 Nov. 2, 1993.
 
 Before LOGAN, GARTH,[2] and SEYMOUR, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Defendant Linda Lou Boyd appeals from the district court's denial of her motion to suppress incriminating statements she made. The sole issue she raises is whether the district erred in finding that she had not invoked her right to counsel before making the statement. We affirm.
 
 
 3
 The record reflects that Ms. Boyd was advised of her Miranda rights on three occasions. After the first time, she made clear that she did not wish to make a statement, but she did not ask for an attorney or make any other reference to an attorney. After the third Miranda advisement was given by a different agent, Ms. Boyd said she understood her rights and was willing to give a statement. She signed a form to that effect.
 
 
 4
 The district court found that Ms. Boyd made no statement which could reasonably be construed as an expression of a desire for the assistance of an attorney. On appeal, Ms. Boyd asserts that invocation of the right to counsel may be implied from the totality of the circumstances under which the statement was made, and that the district court erred in failing to find she implicitly indicated her desire for an attorney when she initially declined to make a statement.
 
 
 5
 We do not disagree with Ms. Boyd's basic premise that invocation of the right to counsel may be inferred from the circumstances. However, we are not persuaded the district court incorrectly interpreted the situation here. As we made clear in United States v. Giles, 967 F.2d 382 (10th Cir.1992), "[t]o invoke this right requires, 'at a minimum, some statement that can reasonably be construed to be expression of a desire for the assistance of an attorney in dealing with custodial interrogation by the police,' " id. at 385 (quoting McNeil v. Wisconsin, 111 S.Ct. 2204, 2209 (1991). Ms. Boyd made no such statement.
 
 
 6
 The judgment of the district court is AFFIRMED.
 
 
 
 [2]
 The Honorable Leonard I. Garth, Senior United States Circuit Judge, United States Court of Appeals for the Third Circuit, sitting by designation
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3